UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Noel Velez, Efrain Echevarria, Ariel Burgos, Jose
Urbano, and Abdel Chabur, on behalf of themselves
and all other persons similarly situated,

                          Plaintiffs,

             -against-

S.T.A. Parking Corp., PPS 77 LLC, Michael
Zacharias, and Kathleen McLeod,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _12/14/2023_

23 Civ. 4786 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Noel Velez, Efrain Echevarria, Ariel Burgos, Jose Urbano, and Abdel Chabur,

bring this action against Defendants, S.T.A. Parking Corp., Michael Zacharias, and Kathleen

McLeod (the "Settling Defendants"), and PPS 77 LLC, alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et*

*seq.* for failure to pay overtime wages.  *See generally* Compl., ECF No. 1.  Having reached a

settlement of the FLSA claims (the "Settlement"), ECF No. 26-1, Plaintiffs and the Settling

Defendants now seek the Court's approval of their proposed settlement agreement.  *See* Letter,

ECF No. 26.  For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers."  29 U.S.C. § 202.  Significantly, "[r]ecognizing that

there are often great inequalities in bargaining power between employers and employees, Congress

made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or

bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides the five Plaintiffs with a recovery of $30,000, inclusive of attorney's fees and costs.  Letter at 2; Settlement ¶ 1.  "Of that amount, each plaintiff is to receive an amount proportionate to the ratio of their alleged FLSA damages as compared to the total FLSA damages for the group."  Letter at 2.  The parties state that the Settlement will allow them to avoid "months of likely fruitless discovery" and both the legal and factual risks associated with trial.  Plaintiffs, for example, face the risk that their testimony will not be credited over the Settling Defendants' records, and the Settling Defendants face the risk of being unable to satisfy a judgment imposed against them. *Id.* at 3.  Moreover, the parties state that they engaged in "[a]rm's length bargaining," including substantial exchanges of documents and court-ordered mediation.  *Id.* at 2–4.  Both Plaintiffs and the Settling Defendants were represented by experienced employment counsel.  *Id.* at 4.

However, the parties do not provide an estimate of Plaintiffs' "range of possible recovery," *Wolinsky,* 900 F. Supp. 2d at 335, merely stating that "the final settlement amount of Plaintiffs' FLSA claims is less than Plaintiffs' maximum possible recovery on these claims" and that the Settlement is "a fair resolution of Plaintiffs' FLSA claims in this matter."  Letter at 3.  Accordingly, the Court cannot determine whether the Settlement is fair and reasonable pursuant to the *Wolinsky* factors.

In addition, the Settlement contains a liability release that is overbroad in four aspects.  First, the Settlement releases from liability numerous entities beyond Defendants, including:

> their heirs, assigns, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries

Settlement ¶ 2; *see Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022).  Second, the Settlement binds not only Plaintiffs but also "their heirs and assigns in their respective capacity as such."  Settlement ¶ 2.  Third, the release clause applies to:

> any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed which Releasors now or in the future may have or claims [sic] to have against the Releasees based upon or arising out of any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things limited to those asserted in the Complaint or which could have been asserted under the Fair Labor Standards Act of 1938 (the "FLSA") existing or occurring or claimed to exist or to have occurred at any time on or before the date of Plaintiffs' execution of this Agreement, whether asserted as an individual claim or action, or a class or collective claim or action on behalf of a class or collective action which includes any Releasor as either an actual or putative class or collective action member for wage and hour violations under the FLSA.

*Id.*  "When combined with the broad definition of 'releasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and businesses only tenuously affiliated with [D]efendant[s]."  *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (cleaned up).  Fourth, Plaintiffs are afforded no release from liability.  *See* Settlement; *Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018) (collecting cases).

Next, the parties have decided to bifurcate their settlement: the Settlement only concerns Plaintiffs' FLSA claims, and a separate agreement—not submitted to the Court and not subject to judicial review—settles Plaintiffs' NYLL claims.  Whether a bifurcated settlement is permissible under *Cheeks* remains an open question.  *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) ("We do not have such a bifurcated settlement before us and thus we do not decide whether the settlement of state law claims paired with FLSA claims requires judicial approval.");

4

*Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19 Civ. 8216, 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020) ("[C]ourts in the Second Circuit have expressed concern over bifurcated settlements."). Some district courts in this Circuit have permitted bifurcated settlements. *See, e.g.*, *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) ("[T]he NYLL settlement agreement does not require judicial approval."). However, other courts "have taken a case-by-case approach, requiring the parties to submit both agreements so that the court can determine whether the terms of the non-FLSA agreement inappropriately affect the terms of the FLSA agreement." *Torres v. McGowan Builders*, No. 18 Civ. 6099, 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020) (collecting cases). The FLSA is a "uniquely protective statute." *Cheeks*, 796 F.3d at 207. And, "[a] plaintiff who executes a FLSA settlement containing a limited release, while simultaneously executing a NYLL settlement containing a general release, has not in fact received a limited release." *Bazile v. Asset Protection Grp. LLC*, No. 18 Civ. 6820, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 2019). The Court shall follow the case-by-case approach. Accordingly, should the parties again request approval of the FLSA settlement, they shall also submit the non-FLSA settlement agreement to the Court.

Turning to attorney's fees and costs, Plaintiff's counsel seeks one-third of the settlement proceeds in the amount of $10,000. Letter at 4; Settlement ¶ 1. Because the Court has not determined the reasonableness of the Settlement amount, the Court reserves its judgment on the reasonableness of the contingent fee. *Cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted) (favoring the percentage-of-the fund method because it "directly aligns the interests of [Plaintiffs] and [their] counsel"); *see also Bazile*, 2019 WL 7985168, at *3 ("[T]he conclusion that a plaintiff's attorney has not fleeced his client on FLSA wages is undermined if the plaintiff simultaneously settles his state law wage-and-hour lawsuit by giving his attorney the lion's share of the recovery.").

5

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal.  By **January 15, 2024**, the parties may file a revised letter and settlement agreement consistent with this order, addressing each of the *Wolinsky* factors and explaining how the parties' NYLL settlement affects the fairness of their FLSA agreement.

SO ORDERED.

Dated: December 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge