UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Noel Velez, Efrain Echevarria, Ariel Burgos, Jose Urbano, and Abdel Chabur, on behalf of themselves and all other persons similarly situated,

                     Plaintiffs,

-against-

S.T.A. Parking Corp., PPS 77 LLC, Michael Zacharias, and Kathleen McLeod,

                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/12/2024__

23 Civ. 4786 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Noel Velez, Efrain Echevarria, Ariel Burgos, Jose Urbano, and Abdel Chabur, bring this action against Defendants, S.T.A. Parking Corp., Michael Zacharias, Kathleen McLeod (the "Settling Defendants"), and Defendant, PPS 77 LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.* for failure to pay overtime wages. *See generally* ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 26-1, the parties sought the Court's approval of their proposed agreement. ECF No. 26. By order dated December 14, 2023 (the "Order"), the Court denied the parties' motion without prejudice to renewal. Order, ECF No. 27.

Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 28-1, and the parties' renewed motion for settlement approval (the "Second Letter"), ECF No. 28. For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I. Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving

attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*

II.  Analysis

The parties have chosen to bifurcate their settlement, resolving their FLSA claims in one agreement and their NYLL claims in another.  In their first motion for settlement approval, the parties submitted the FLSA agreement, but did not submit the separate agreement settling their NYLL claims (the "NYLL Settlement").  Although the NYLL Settlement does not require judicial approval, "courts in the Second Circuit have expressed concern over bifurcated settlements." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19 Civ. 8216, 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020).  The Court, therefore, ordered the parties to submit the NYLL Settlement for review to determine "whether the terms of the non-FLSA agreement inappropriately affect the terms of the FLSA agreement."  Order at 5 (quoting *Torres v. McGowan Builders*, No. 18 Civ. 6099, 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020)).  The parties have now done so.  *See* NYLL Settlement, ECF No. 28-2.

The Revised Settlement provides the five Plaintiffs with a recovery of $30,000, inclusive of attorney's fees and costs.  Second Letter at 2; Revised Settlement ¶ 1.  The Revised Settlement satisfies the *Wolinsky* factors.  First, as to Plaintiffs' range of recovery, Plaintiffs' maximum possible recovery on their FLSA claims is $60,000—"an additional $30,000 greater" than the settlement amount to account for liquidated damages.  Second Letter at 3.  However, the parties note that Plaintiffs' alleged damages could be barred "entirely or in substantial part" by the FLSA's statute of limitations, which is two or three years based on whether the Settling Defendants' conduct was

willful. *Id.* The NYLL Settlement provides Plaintiffs with a recovery of $220,965.34—a much higher amount as a result of the NYLL's six-year statute of limitations. *Id.* Between the two agreements, Plaintiffs receive "between 100% and 110% of their alleged actual unpaid wages." *Id.* at 2. In light of Plaintiffs' risks of litigation and the recovery provided by the NYLL Settlement, the approximately fifty percent recovery offered by the Revised Settlement is reasonable. *See Paganas v. Total Maintenance Solution, LLC*, No. 15 Civ. 5424, 2019 WL 3716170, at *2 (E.D.N.Y. Feb. 14, 2019) (collecting cases).

In the Order, the Court found that the parties satisfied the other *Wolinsky* factors. Order at 3. Because the Revised Settlement is materially the same as to those *Wolinsky* factors and the NYLL Settlement does not undermine the Court's prior findings,[1] the Court finds that the Revised Settlement is fair and reasonable.

The Revised Settlement and the NYLL Settlement contain identical liability releases. *Compare* Revised Settlement ¶ 2 *with* NYLL Settlement ¶ 2; *see Bazile v. Asset Protection Grp. LLC*, No. 18 Civ. 6820, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 2019) ("A plaintiff who executes a FLSA settlement containing a limited release, while simultaneously executing a NYLL settlement containing a general release, has not in fact received a limited release."). Although the parties revised the relevant provisions, the Court still finds the release overbroad. First, the settlements still release from liability numerous entities beyond Defendants, including:

> their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, members, principals, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present.

---

[1] At least one court has expressed concerns that a bifurcated settlement may disguise collusion or fraud. *See, e.g.*, *Bazile v. Asset Protection Grp. LLC*, No. 18 Civ. 6820, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 2019) ("[T]he conclusion that a plaintiff's attorney has not fleeced his client on FLSA wages is undermined if the plaintiff simultaneously settles his state law wage-and-hour lawsuit by giving his attorney the lion's share of the recovery."). The NYLL Settlement provides Plaintiffs' attorneys with the same one-third percentage recovery as in the FLSA settlement, and the Court does not have additional concerns related to the *Wolinsky* factors based on its review of the agreements.

Revised Settlement ¶ 2(a); NYLL Settlement ¶ 2(a); *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). Second, the settlements bind not only Plaintiffs but also "their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives." Revised Settlement ¶ 2(a); NYLL Settlement ¶ 2(a). Third, the release clause applies to:

> any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to the claims set forth in the Action and *any claim regarding unpaid or improperly paid wages*, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' failure to pay any wages owed to Plaintiffs; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

Revised Settlement ¶ 2(a) (emphasis added); NYLL Settlement ¶ 2(a). The parties claim that their most recent revisions limit the release to only those claims "relating to the claims set forth in the Action and any claim regarding unpaid or improperly paid wages." Second Letter at 5. But, the revised release does not address the Court's concern that "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." Order at 4 (quoting *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019)). The inclusion of the phrase "and any claim regarding unpaid or improperly paid wages," Revised Settlement ¶ 2(a), NYLL Settlement ¶ 2(a), impermissibly extends the release beyond this action. The Court, therefore, cannot approve the Revised Settlement in its current form.

Turning to attorney's fees and costs, Plaintiff's counsel seeks $10,000, a fee equal to one-third of the FLSA settlement amount. Second Letter at 5; Revised Settlement ¶ 1.

The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). In both the FLSA Settlement and the NYLL Settlement, Plaintiff's counsel receives approximately one-third of the settlement amount. Revised Settlement ¶ 1; NYLL Settlement ¶ 1.

As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel, Andrew Beresin, submitted contemporaneous time records that document his firm's work on this matter. Second Letter at 6; *see* ECF No. 28-3. Beresin submitted time records demonstrating that he worked 19.6 billable hours at a rate of $400, *see* ECF No. 28-3, and his co-counsel Michael S. Samuel worked 7.8 billable hours at a rate of $500, *see* ECF No. 26-2 at 2. The billable hours are reasonable, and, based on counsel's experience with FLSA cases, the Court concludes that the rates are also reasonable. *See Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380–81 (E.D.N.Y. 2022) (collecting cases). The lodestar amount is, therefore, $11,740 in attorney's fees and $872 in costs for a total of $12,612. The requested award in the FLSA Settlement is

$10,000—a multiplier of 0.79.[2]  "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with the contingent fees in FLSA cases."  *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672, 2020 WL 8880944, at *3 (S.D.N.Y. Apr. 15, 2020) (citation omitted).  The Court, therefore, accepts the lodestar multiplier, particularly given that the attorney's fees amount to approximately one-third of the settlement award.  Accordingly, the attorney's fee request is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is DENIED without prejudice to renewal.  By **February 26, 2024**, the parties may submit a renewed motion for settlement approval.

SO ORDERED.

Dated: February 12, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The total attorney's fee award arising from this matter—including the NYLL Settlement—is $83,647.45, representing a lodestar multiplier of 6.6.  Although this lodestar is high, it does not require the Court to reject the fee award, as courts "regularly award lodestar multipliers of up to eight times the lodestar."  *Pastor v. Battery Park Cleaners, Inc.*, No. 21 Civ. 2720, 2023 WL 2929304, at *2 (S.D.N.Y. Apr. 13, 2023) (citation omitted).  Because the attorney's fee arising from the NYLL Settlement also represents one-third of the settlement amount, the Court does not find that plaintiff's counsel has "fleeced his client" through the bifurcated settlement.  *Bazile*, 2019 WL 7985168, at *3.