USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03/05/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Noel Velez, Efrain Echevarria, Ariel Burgos, Jose Urbano, and Abdel Chabur, on behalf of themselves and all other persons similarly situated,

       Plaintiffs,

-against-

S.T.A. Parking Corp., PPS 77 LLC, Michael Zacharias, and Kathleen McLeod,

       Defendants.

23 Civ. 4786 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiffs, Noel Velez, Efrain Echevarria, Ariel Burgos, Jose Urbano, and Abdel Chabur, bring this action against Defendants, S.T.A. Parking Corp., Michael Zacharias, and Kathleen McLeod (the "Settling Defendants"), and Defendant, PPS 77 LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.* for failure to pay overtime wages. *See generally* ECF No. 1. After reaching a settlement, ECF No. 26-1, the parties sought the Court's approval of their proposed agreement. ECF No. 26. By order dated December 14, 2023 (the "December 14 Order"), the Court denied the parties' motion without prejudice to renewal. ECF No. 27. The parties revised their settlement (the "First Revised Settlement"), ECF No. 28-1, and renewed their motion, ECF No. 28. By order dated February 12, 2024 (the "February 12 Order"), the Court denied the parties' renewed motion without prejudice to renewal. ECF No. 29.

  Before the Court is the parties' second revised settlement agreement (the "Second Revised Settlement"), ECF No. 30-1, and the parties' renewed motion for settlement approval (the "Second Revised Letter"), ECF No. 30. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.      Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.  Analysis

The Court previously found that the First Revised Settlement met each of the *Wolinsky* factors. February 12 Order at 4 (citing December 14 Order at 3). The Court finds that the Second Revised Settlement is materially unchanged as to the *Wolinsky* factors and, therefore, is fair and reasonable.

The Court, however, previously found that the liability release clause was too broad, December 14 Order at 3–4, and that the First Revised Settlement did not sufficiently narrow its scope, February 12 Order at 4–5. Specifically, under the First Revised Settlement, Plaintiffs released the Settling Defendants, and numerous entities "tenuously affiliated" with them, from "any claim regarding unpaid or improperly paid wages," which "impermissibly extend[ed] the release beyond this action." *Id.* at 5 (citing First Revised Settlement ¶ 2(a) and December 14 Order at 4). The Second Revised Settlement now limits the release to "claims set forth in the [a]ction and any claim regarding unpaid or improperly paid wages in connection with Plaintiffs' employment with Defendants." Second Revised Settlement ¶ 2(a). It also limits the release to "Defendants, the successor corporate entity, and those directly related [] thereto." Second Revised Letter at 5; *see*

3

Second Revised Settlement ¶ 2(a).  Additionally, the Second Revised Settlement includes a "mutual release for the benefit of Plaintiffs."  Second Revised Letter at 5; *see also* Second Revised Settlement ¶ 2(b).  Therefore, the Court finds that the liability release clause in the Second Revised Settlement is fair and reasonable.[1]

Turning to attorney's fees and costs, Plaintiff's counsel seeks $10,000, a fee equal to one-third of the FLSA settlement amount.  Second Revised Letter at 6; Second Revised Settlement ¶ 1.  The Court has already ruled that this request is fair and reasonable.  February 12 Order at 7 & n.2.

Accordingly, the Court approves the Second Revised Settlement as fair and reasonable and grants Plaintiff's counsel's request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED.  The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: March 5, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The parties chose to settle Plaintiffs' NYLL claims in a separate agreement, which they submitted along with the First Revised Settlement for the Court's review.  *See* NYLL Settlement, ECF No. 28-2.  That agreement contained the same flawed liability release provision contained in the First Revised Settlement.  The parties now submit a revised NYLL settlement (the "Revised NYLL Settlement") for the Court's consideration.  *See* Revised NYLL Settlement, ECF No. 30-2.  The Revised NYLL Settlement contains an identical liability release to the Second Revised Settlement.  *See Bazile v. Asset Protection Grp. LLC*, No. 18 Civ. 6820, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 2019) ("A plaintiff who executes a FLSA settlement containing a limited release, while simultaneously executing a NYLL settlement containing a general release, has not in fact received a limited release.").  The terms of the Revised NYLL Settlement, therefore, do not "inappropriately affect the terms" of the Second Revised Settlement.  *See* December 12 Order at 5 (quoting *Torres v. McGowan Builders*, No. 18 Civ. 6099, 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020)).